**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6581**

DWIGHT HURD,

        Plaintiff - Appellant,

    v.

DR. CHARLES LYE,

        Defendant - Appellee,

    and

WEXFORD HEALTH SOURCES, INC; CORRECTIONAL OFFICER MICHAEL
DEMPSEY; LIEUTENANT ROGER DODD; CORRECTIONAL OFFICER
JOHN KOMMER; CORPORAL GREG SIZEMORE; CORRECTIONAL
OFFICER ABBY STOUT; CORPORAL TERRY WHITEHAIR;
CORRECTIONAL OFFICER JOHNNY WILSON,

        Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at
Charleston.  Joseph R. Goodwin, District Judge.  (2:19-cv-00760)

Submitted:  October 25, 2021               Decided:  December 15, 2021

Before WYNN, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana P. McDermott, Martinsburg, West Virginia, for Appellant. Jordan K. Herrick, Adam K. Strider, BAILEY & WYANT, PLLC, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Hurd appeals from the district court's order granting summary judgment to Defendant Charles Lye on Hurd's 42 U.S.C. § 1983 claim of deliberate indifference to his serious medical need. On appeal, Hurd asserts that the district court erred in failing to consider his mental illness which allegedly prevented him from walking. Due to his illness, Hurd contends that he needed a wheelchair, but Lye refused to issue one at certain points in time, rendering Hurd unable to ambulate. We affirm.

This Court "review[s] the district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 408 (internal quotation marks omitted). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). "[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

"A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "The plaintiff must demonstrate that the

3

[defendant] acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The objective element of a deliberate indifference claim is satisfied by a serious medical need, and a medical condition is serious when it has "been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (internal quotation marks omitted).

The subjective element of an Eighth Amendment claim is satisfied by showing that a defendant was deliberately indifferent, which means that the defendant knew of and disregarded "the risk posed by the serious medical needs of the inmate." *Iko*, 535 F.3d at 241. "The subjective component . . . sets a particularly high bar to recovery." *Id.* "Mere negligence" does not constitute deliberate indifference; "[b]asically, a [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks omitted). A defendant "is not liable if he knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* (internal quotation marks omitted). Furthermore, mere "[d]isagreements between an inmate and a physician over the inmate's proper medical care" do not rise to the level of deliberate indifference. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

Hurd challenges Lye's discontinuation of his wheelchair from December 19, 2017, to January 9, 2018, and March 22, 2018, to May 10, 2018. Assuming that Hurd's mental

4

health condition meets the objective component, *see Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir. 1977) (discussing the right to psychological or psychiatric treatment), we conclude that the district court correctly granted summary judgment to Lye because Hurd did not establish a genuine issue of material fact as to the subjective component of his deliberate-indifference claim. Specifically, the record evidence supported Lye's conclusion that, if indeed Hurd was suffering from a mental illness rather than malingering, a wheelchair was not only unnecessary but could perhaps be harmful to Hurd.

Lye determined that it was in Hurd's best interest to use his legs and that continuing to allow a wheelchair might cause Hurd harm. Hurd presented no evidence that this was improper or unreasonable treatment under the circumstances. While Hurd contends that his condition necessitated a wheelchair, the mere preference of inmates to receive a different type of treatment does not give rise to an Eighth Amendment claim.

Because the district court properly granted summary judgment to Lye, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*

5